No. 13-0910 – *Ballard v. Thomas*

**FILED**
**June 5, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, dissenting:

The defendant was convicted of the crime of sexual abuse by a parent, guardian, custodian or person in a position of trust. However, the indictment did not charge the defendant with being a "person in a position of trust." The phrase "person in a position of trust" was not in the indictment.

The facts are clear that the defendant, a school bus driver, developed a relationship with the victim while she rode on the school bus he drove. One night she snuck from her home and met the defendant when the sexual assault occurred. The entire crux of the defense was that the defendant was not a person in a position of trust and the victim was not under his care, custody or control when the sexual assault occurred.

The applicable statute defines "person in a position of trust in relation to a child." The jury was not instructed on this important element of the defense. The defense lawyer had two general defense instructions but withdrew them. If an instruction defining a "person in position of trust" had been given, the defense lawyer could have argued that the defendant, according to the law given by the judge, was not a person in a position of trust. (*See,* fn 6 of the majority opinion).

An effective attorney must offer an instruction on the important elements of their case which support their defense. I agree with the habeas judge that the trial was

1

"fundamentally flawed by the absence of jury instructions on a factual point <u>that was critical</u> not just to the determination of guilt, but to the question of whether a crime had been committed at all."

Therefore, I dissent.